UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **20 Cr. 59 (VSB)** |
| DAISY CONFESOR,<br>   a/k/a "Daisy Alvarez,"<br>KAILA MINAYA MARCANO-PENA,<br>GILBERTO MINAYA-RODRIGUEZ and<br>DAVID VASQUEZ,<br>*Defendants.* | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/4/2020___
```

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would risk prejudicial pretrial publicity if publicly disseminated; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

3.  Disclosure material may be disclosed by counsel to:

   a.  Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or

   b.  Prospective witnesses for purposes of defending this action.

4.  The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5.  This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6.  The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from the defendants incident to their arrests.  Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense.

They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

7.   If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

8.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

9.   This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

## Retention of Jurisdiction

10.   The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/ Juliana Murray_____                Date:   __4/20/2020_____
Juliana N. Murray
Assistant United States Attorney

___/s/ Michael Nedick_____                Date:   ___4/28/2020_____
Michael J. Nedick, Esq. Counsel
for Daisy Confesor

3

Date: April 29, 2020
_____
Luis O. Diaz, Esq.
Counsel for Kaila Minaya Marcano-Pena


___/s/ Victor Hou_____         Date: __4/28/2020_____
Victor L. Hou, Esq.
Counsel for Gilberto Minaya-Rodriguez


____/s/ Jonathan Marvinny_____        Date: __4/24/2020_____
Jonathan Marvinny, Esq.
Counsel for David Vasquez


SO ORDERED:

Dated: New York, New York
~~April ___, 2020~~
August 4, 2020

Vernon S. Broderick
United States District Judge

4